Bockes, J.
Appeal by the defendant from a judgment against him directed by a referee for $215.53, and costs, $192.13—$407.66.
The recovery was for work, labor and services and materials rendered and furnished in 1878, amounting in the aggregate to $151.53.
The items constituting the account and their value were duly proved, and the defendant did not dispute his liability for a portion of the claim to the amount of $33.45; or rather, he offered at one time to pay to this extent; but he denied his liability for the remainder, and, indeed, as is gathered from the pleadings and proofs, denied his liability in toto.
The work was done and the materials furnished for the benefit óf a mining company, of which the defendant was at the time superintendent; and the question in dispute was as to whether the company or the defendant was the party liable to the plaintiff therefor. The plaintiff claimed that the engagement or contract for the work and materials were with the defendant in his own behalf and on his (defendant’s) personal promise to pay, and embraced all the items of his demand. This the defendant denied. The parties testified as witnesses, each in his own behalf. Their statements on the point in issue were in conflict, and as to each there was some corroborating proof. Thus it is seen the case was for the referee on a conflict of evidence, and this court will hardly be authorized to disturb his conclusion on appeal. This will be done only when the referee has found against the clear preponderance of proof. Such, in our opinion, is not this case. The finding of the referee must be held to conclude the parties on the question of fact.
Some rulings on questions of evidence remain to be considered. It appears that the items for the work and materials, as first entered on the plaintiff’s account book, were charged against the mining company, and that a change thereon was afterwards made by which they were entered against the defendant. The plaintiff was permitted against objection and exception to show that the entry as first made was so made by mistake. In this ruling there was no error. The proof showing the mistake and its correction was proper. It could work no wrong, as it was to answer a just purpose and end. The entry in the book was not con-conclusive, like a written contract signed by the parties, but like a private memorandum it was open to explanation. The other rulings criticised by the appellant’s counsel do not touch the merits and need no comment.
Judgment affirmed, with costs.
Learned and Landon, JJ., concur.